IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| MAKIYAH LEE | CIVIL ACTION |
| --- | --- |
| v. | NO. 19-3295 |
| EDDYSTONE FIRE & AMBULANCE AND BOROUGH OF EDDYSTONE | |

Baylson, J.                    **MEMORANDUM OPINION**                    November 13, 2019

## I. Introduction

This case involves alleged violations of Title VII of the Civil Rights Act of 1964 that infected Makiyah Lee's employment and ultimate termination as a firefighter and EMT in Eddystone, Pennsylvania. She has sued the Borough of Eddystone and Eddystone Fire and Ambulance, alleging that she was subjected to sexual harassment, a hostile work environment, and retaliation for her complaints. Defendants have each moved to dismiss, strike, or narrow aspects of her suit and to obtain more definite statements of certain elements of her complaint.

As described in more detail below, the Court will GRANT the Borough's Motion to dismiss Plaintiff's prayer for punitive damages, and otherwise DENY Defendants' Motions.

## II. Factual and Procedural History

Taking Lee's allegations as true, the factual background is as follows. Makiyah Lee worked as a firefighter and EMT in Eddystone. See Am. Compl. ¶¶ 13–15. "On many occasions during the year 2017," Allen Reeves sexually harassed her. Id. ¶ 15. She does not explain Reeves's relationship to the Defendants. She also claims that Dallas Walters harassed her. Id.

1

¶¶ 17–18. She explains that Walters is a member of "Defendants' Board of Directors" but does not specify which Defendant she is referring to. Nor does she give a timeframe for the harassment by Walters. Finally, she claims that an employee named Jeff Pennel sent her a sexually explicit message on social media in or about January of 2018. Id. ¶ 19. Again, which Defendant employed Pennel is not specified.

Lee states that all of the conduct was unwelcome, that she told her harassers that, and that she made written and verbal complaints to various leadership figures including the Fire Chief and "Defendant's Board of Directors." Id. ¶¶ 16, 20–21. (Again, which Defendant's Board of Directors she complained to is unspecified.) At some point while Lee was employed, David Hackett, an outside investigator, prepared a report and recommendations concerning sexual harassment. Borough MtD Br. Ex. A ("EEOC Charge") ¶¶ 10–11.[1] Although it is not explicitly stated, it appears from context that the report was addressed to sexual harassment taking place at

---

[1] The Court may consider Plaintiff's EEOC Charge in considering the Rule 12(b)(6) motion even though Plaintiff did not attach it to the Amended Complaint. In considering a Rule 12(b)(6) motion, "a court may consider a document that is 'integral to or explicitly relied upon' in the complaint." Fallon v. Mercy Catholic Med. Ctr. of S.E. Pa., 877 F.3d 487, 493 (3d Cir. 2017) (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997)).

The Plaintiff was required to file an EEOC Charge to exhaust administrative remedies before bringing suit. See, e.g., Waiters v. Parsons, 729 F.2d 233, 237 (3d Cir. 1984). The failure to exhaust administrative remedies provides grounds for dismissal under Rule 12(b)(6). Anjelino v. N.Y. Times Co., 200 F.3d 73, 87 (3d Cir. 1999). Plaintiff's suit, therefore, could not have stated a claim had she not filed an EEOC charge, which makes her EEOC Charge integral to her Amended Complaint. Since the Plaintiff's EEOC Charge is integral to her Amended Complaint, the Court may consider it in deciding Defendants' Motions. Cf. Davies v. Polyscience, Inc., 126 F. Supp. 2d 391, 393 n.3 (E.D. Pa. 2001) (Joyner, J.) (concluding the court could consider the plaintiff's "right to sue" letter on a 12(b)(6) motion even though the letter had not been included with the complaint).

Eddystone Fire and Ambulance, and the Court will infer as much. Hackett's recommendations were not adopted. Id. ¶¶ 10–11.

Lee was suspended from work, and, eventually, effectively terminated in January or February of 2018. Id. ¶¶ 22–23. She believes that she was disciplined and terminated because of her complaints. Id. ¶ 24. Plaintiff filed an EEOC Charge, and received her Notice of Right to Sue in May of 2019. Am. Compl. Ex. A.

That July, Lee filed suit in this Court. ECF 1. In September, she filed an amended complaint. ECF 8. As amended, her complaint seeks relief for the sexual harassment, hostile work environment, and retaliation that she allegedly suffered. For relief, she requests, inter alia, compensatory and punitive damages.

The Borough of Eddystone filed its Motion on October 4, ECF 9, and Eddystone Fire and Ambulance filed its own on October 8, ECF 10. Lee responded to the Borough's motion on October 11, ECF 11, and to Eddystone Fire and Ambulance's on October 23, ECF 12.

*In toto*, Defendants seek:

1. The dismissal of Plaintiff's claim for punitive damages against the Borough;
2. The dismissal or striking of the part of Plaintiff's complaint detailing Pennel's alleged misconduct, mainly because it did not appear in her EEOC complaint or because it is time-barred; and
3. More definite statements of various aspects of the complaint.

### III. Legal Standard

    a. Rule 12(b)(6)

In considering a motion to dismiss under Rule 12(b)(6), the Court "accept[s] all factual allegations as true [and] construe[s] the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotation marks and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

The Court in Iqbal explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Iqbal, 556 U.S. at 678, 684. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555); see also Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (citing Twombly, 550 U.S. at 556 n.3) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests."). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

b. Rule 12(f)

"The court may strike from a pleading . . . any . . . immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Content is immaterial when it has no essential or important relationship to the claim for relief. Content is impertinent when it does not pertain to the issues raised in the complaint. Scandalous material improperly casts a derogatory light on someone, most typically on a party to the action." Giuliani v. Polysciences, Inc., 275 F. Supp. 3d 564, 572 (E.D. Pa. 2017) (internal citations and quotations omitted). A motion to strike is "to be decided 'on the basis of the pleadings alone.'" Id. (quoting N. Penn Transfer, Inc. v. Victaulic Co. of Am., 859 F. Supp. 154, 159 (E.D. Pa. 1994) (Van Antwerpen, J.)).

Motions to strike are "not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." Id. (quoting River Road Dev. Corp. v. Carlson Corp., No. 89-7037, 1990 WL 69085, at *3 (E.D. Pa. May 23, 1990) (VanArtsdalen, J.).

c. Rule 12(e)

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "Rule 12(e)'s raison d'être is to require greater specificity than what is ordinarily required under Rule 8(a)(2) in that narrow class of cases where the want of specificity precludes the defendant from properly framing an answer to a legally sufficient complaint." Clark v. McDonald's Corp., 213 F.R.D. 198, 233 (D.N.J. 2003) (Kugler, J.). However, its "exercise should be cast in the mold of strictest necessity." Id. (quoting Lincoln Labs, Inc. v. Savage Labs, Inc., 26 F.R.D. 141, 142 (D. Del. 1960) (Leahy, J.)). It may be

appropriate "where the allegations of a complaint are not sufficiently specific to enable a defendant to determine the propriety of interposing in his answer a waivable defense, or where, in the absence of certain information peculiarly within the knowledge of the plaintiff, the defendant cannot, in good faith, answer the complaint with a general denial." Id. (internal citations omitted).

**IV.    Discussion**

> a. The Borough's Motion to Dismiss Plaintiff's Prayer for Punitive Damages Against the Borough

The Borough moves for the Court to dismiss Plaintiff's prayer for punitive damages against the Borough, because "as a general rule, punitive damages are not allowable against a municipality unless authorized by a particular statute," Borough MtD Br. at 4 (citing City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 268–70 (1981), and "Title VII does not provide for punitive damages against a municipality." Id. (citing Lynch v. Borough of Ambler, No. CIV. A. 94-6401, 1995 WL 113290 (E.D. Pa. Mar. 15, 1995) (Kelly, J.)). Plaintiff has conceded that her prayer for punitive damages against the Borough should be dismissed.[2]

The Court will therefore GRANT, with prejudice, the Borough's Motion to Dismiss as to Plaintiff's prayer for punitive damages against the Borough.

---

[2] Eddystone Fire has not contested her prayer for punitive damages against it.

b. Motions to Excise Claims Based on Pennel's Alleged Misconduct

   i. Defendants' Motions Based on Pennel's Not Having Been Named in the EEOC Charge

Both Defendants attack the claims about Pennel's alleged misconduct because Pennel was not named in the EEOC complaint.[3] "Before bringing suit under Title VII in federal court, a plaintiff must first file a charge with the EEOC." Webb v. City of Philadelphia, 562 F.3d 256, 262 (2009). "The purpose of [this] filing . . . is to alert concerned parties of the opportunity for voluntary conciliation without the animosity, expense, and publicity of litigation." Davies, 126 F. Supp. 2d at 393 (quoting Kinnally v. Bell of Penn., 748 F. Supp. 1136, 1140 (E.D. Pa. 1990)). If conciliation fails and the plaintiff brings a civil action, "the parameters of the civil action . . . are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398–99 (3d Cir. 1976).

Plaintiff's claims concerning Pennel's alleged misconduct can proceed. At this stage, the Court can infer that the scope of a reasonable EEOC investigation growing out of the Charge would have included Pennel's alleged misconduct based on two allegations in Plaintiff's EEOC Charge. First, Plaintiff alleges that she made various complaints to Defendants. EEOC Charge ¶ 8.

---

[3] Both Defendants attack the allegations concerning Pennel on the grounds that Pennel was not named in Plaintiff's EEOC Charge, but they have styled their Motions differently. The Borough has styled its Motion as a Rule 12(f) motion to strike. Borough MtD Br. at 1–2, 6–8. Eddystone Fire has styled its Motion as a Rule 12(b)(6) motion. Eddystone Fire MtD Br. at 6–8. (It moves separately to strike the allegations. Id. at 9. That Rule 12(f) Motion is discussed *infra*.)

Although the Defendants have styled their Motions differently, each turns on the same question: whether Plaintiff exhausted her administrative remedies. Because each Motion turns on the same question, the Court analyzes them together.

Second, she alleges that David Hackett, a third party, prepared a report and recommendations concerning sexual harassment at Eddystone Fire and Ambulance. EEOC Charge ¶ 10. On a Rule 12(b)(6) Motion to Dismiss, the Court may infer that one of Plaintiff's complaints, or Hackett's report, referred to or was premised on Pennel's alleged misconduct. A reasonable EEOC investigation based on Plaintiff's EEOC Charge would have included Plaintiff's complaints and Hackett's report. Because a reasonable EEOC investigation would have reached communications or documents referring to or premised on Pennel's alleged misconduct, that investigation would have reached Pennel's alleged misconduct. Similarly, the Court may infer that each Defendant had some actual or constructive notice of the contents of Plaintiff's complaints and Hackett's report. Therefore, to the extent that either referred to Pennel's alleged misconduct, the references to the complaints and the report in Plaintiff's EEOC charge would have put Defendants on notice that Pennel's alleged misconduct was at issue.

In the context of this suit, the fact that Pennel was not specifically named in Plaintiff's EEOC Charge is irrelevant. Generally, a plaintiff required to file an EEOC charge before filing suit may not sue a defendant who was not named in the EEOC charge. E.g., Schafer v. Bd. of Public Educ. of the Sch. Dist. of Pittsburgh, Pa., 903 F.2d 243, 251–52 (3d Cir. 2000) (citing 42 U.S.C. § 2000e-5(f)(1)). This general rule does not affect this case for a simple reason: Plaintiff did not sue Pennel.[4] This result fits comfortably with the purpose of the general rule, which ensures

---

[4] Defendants cite two cases from the Eastern District of Pennsylvania in which the court dismissed claims against parties not named in the precursory EEOC charge: Davies v. Polyscience, Inc., 126 F. Supp. 2d at 391, and Kunwar v. Simco, 135 F. Supp. 2d 649 (E.D. Pa. 2001) (Joyner, J.). Both involved claims against corporations and specific alleged harassers within the corporations. Kunwar, 135 F. Supp. 2d at 652–53; Davies, 126 F. Supp. 2d at 392. In each case, an individual harasser not named in the EEOC charge was able to have claims against him dismissed. Kunwar,

that defendants have "notice of the claims against [the]m [and] the opportunity to conciliate prior to commencement of th[e] action." Davies, 126 F. Supp. 2d at 393–94. Here, there was no need to give Pennel notice or an opportunity to conciliate, because, again, Pennel is not a defendant. With respect to the actual Defendants in this case, again, the Court can infer at this stage that the EEOC charge gave them notice of the claims involving Pennel and the opportunity to conciliate.

The Court will therefore DENY the Borough's Motion to Strike and Eddystone Fire's Motion to Dismiss Plaintiff's claims concerning Pennel's alleged conduct based on Pennel's absence from the EEOC Charge.

ii. Eddystone Fire's Motion to Dismiss Plaintiff's Allegations Concerning Pennel as Time-Barred

Eddystone Fire has moved to dismiss Plaintiff's allegations concerning Pennel on the grounds that those allegations are outside the statute of limitations. Eddystone Fire MtD Br. at 8 (citing 42 U.S.C. § 2000e-5(e)(1)). According to Eddystone Fire, Plaintiff filed her charges of discrimination at least 245 days after the alleged harassment, but the statute of limitations is only 180 days. Id. (citing 42 U.S.C. § 2000e-5(e)(1)). However, Eddystone Fire is mistaken about the statute of limitations. Because Pennslyania has a state agency with authority to investigate claims of employment discrimination, the Pennsylvania Human Relations Commission, the statute of limitations is 300 days. See Watson v. Eastman Kodak Co., 235 F.3d 851, 854 (3d Cir. 2000); Webb v. Int'l Broth. of Elec. Workers, No. Civ.A. 04-3514, 2005 WL 2373869, at *7 (E.D. Pa. Sept. 23, 2005) (Baylson, J.); see also Hildebrand v. Allegheny Cty., 757 F.3d 99, 111

---

135 F. Supp. 2d at 654; Davies, 126 F. Supp. at 394. In each case, however, it appears that the court may have allowed the plaintiff to proceed with claims against the corporation premised on that harasser's acts. Kunwar, 135 F. Supp. at 654; Davies, 126 F. Supp. at 394.

9

(3d Cir. 2014) (Pennsylvania is deferral state for ADEA purposes). Eddystone Fire's argument therefore fails.

The Court will therefore DENY Eddystone Fire's Motion to Dismiss Plaintiff's allegations concerning Pennel as time-barred.

    iii.    <u>Eddystone Fire's Motions to Strike Allegations Concerning Pennel, and the Borough's Remaining Ground for Striking Allegations Concerning Pennel</u>

Eddystone Fire asks that the Court strike Plaintiff's allegations involving Pennel[5] because they are "scandalous, impertinent, and, given that the claim is time-barred and barred for failure to exhaust administrative remedies, immaterial . . . ." Eddystone Fire MtD Br. at 9. The Borough also argues that the allegations are "entirely scandalous." Borough MtD Br. at 2. Given that the Court has concluded that the claim is neither time-barred nor barred for failure to exhaust administrative remedies, the allegations are relevant to the complaint.[6] They are therefore not immaterial. As they "pertain to the issues raised in the complaint," the Court also concludes that they are not impertinent, see <u>Giuliani</u>, 275 F. Supp. 3d at 572. Finally, they do not "*improperly* cast a derogatory light on someone," <u>see id.</u> (emphasis added). Any derogatory light they may cast is an inevitable consequence of the nature of the alleged[7] misconduct.

The Court will therefore DENY Eddystone Fire's Motion to Strike and the remainder of the Borough's Motion to Strike.

---

[5] Specifically, Paragraph 19 and Exhibit B of the Amended Complaint.

[6] Even had the Court concluded that the allegations concerning Pennel were barred for failure to exhaust administrative remedies or time-barred, the Court could still infer that they are relevant to Plaintiff's claim that Defendants retaliated against her for reporting harassment.

[7] The Court may only look to the allegations in deciding this motion, because motions to strike are to be decided on the pleadings, <u>Giuliani</u>, 275 F. Supp. 3d at 572 (quoting <u>N. Penn Transfer, Inc.</u>, 859 F. Supp. at 159).

10

c. <u>Defendants' 12(f) Motions for More Definite Statements</u>

Between the two of them, Defendants argue that the Amended Complaint is not clear enough about the following sets of facts:

1. Who employed the alleged harassers;
2. When, specifically, the alleged harassment by Walters took place; when, more specifically, the alleged harassment by Reeves took place; and when she told the alleged harassers that the conduct was unwelcome;
3. Exactly which leadership figures she complained to, and exactly when she complained; and
4. Exactly who terminated her and when.

Each Defendant offers a conclusory statement that it cannot prepare an appropriate response to the Amended Complaint without more definite statements of the points at issue. Borough MtD Br. at 6; Eddystone Fire MtD Br. at 10. Neither Defendant explains precisely what difficulties it would encounter in preparing its response, although Eddystone Fire's brief suggests that it may be mulling a statute of limitations defense, <u>see</u> Eddystone Fire MtD Br. at 2.

The Court will deny these requests. The Amended Complaint's gravamen is sufficiently clear. Plaintiff alleges she was harassed in 2017; that she complained to the Fire Chief and others with some supervisory authority; and that she was terminated in retaliation for her complaints. More precise details of the harassment, the harassers' relationship to her employer, her complaints, and her termination can be developed in discovery. If it emerges that Defendants were truly deprived of a fair opportunity to raise an affirmative defense at this stage, or prejudiced in any other way, by the absence of some more definite statement, the Court may consider that at the

appropriate time.  Cf. In re Frescati Shopping Co., Ltd., 886 F.3d 291, 313 n.29 (3d Cir. 2018) (quoting Robinson v. Johnson, 313 F.3d 128, 137 (3d Cir. 2002)) ("Affirmative defenses must be raised as early *as practicable* . . . ." (emphasis added)).

More specifically, with regards to each "more definite statement" defendants seek:

**Who employed the alleged harassers:** as Defendants must be aware of whether they employed the alleged harassers, it is unnecessary for Plaintiff to supply that information.  Cf. McDonald's Corp., 213 F.R.D. at 234 (denying motion for more definite statement when defendant "should be able to determine from its own . . . records" the information defendant sought to have plaintiff include in an amended complaint) (emphasis added).

**When the alleged harassment took place and when Plaintiff told the alleged harassers that the conduct was unwelcome:** at the pleading stage, Defendants can form an opinion on whether the alleged harassment occurred without knowing precisely when the alleged harassment occurred.[8]  If they lack information sufficient to form a belief, they may state as much.  Fed. R. Civ. P. 8(b)(5).  Furthermore, Defendants will be entitled to seek more details in discovery.  It is therefore unnecessary for Plaintiff to supply that information at this stage.

**Exactly which leadership figures she complained to and when:** to the extent that either Defendant lacks information about the details of any alleged complaints to leadership figures, it may in good faith state in a responsive pleading that it "lacks knowledge or information sufficient to form a belief about the truth of an allegation." Fed. R. Civ. P. 8(b)(5).  Furthermore, Defendants

---

[8] Again, the Court notes that there was an outside investigation of possible sexual harassment at Eddystone Fire and Ambulance.  EEOC Charge ¶ 10.

will be entitled to seek more details in discovery. It is therefore unnecessary for Plaintiff to supply that information at this stage.

**Exactly who terminated her and when:** Plaintiff specifically alleges that she was subject to "adverse action including suspension(s) and eventually being removed from the schedule altogether," which "had the practical effect of terminating [her] employment." Am. Compl. ¶¶ 22–23. Eddystone Fire is presumably aware, or could make itself aware, of who suspended Plaintiff and removed her from the schedule. Cf. McDonald's Corp., 213 F.R.D. at 234 (denying motion for more definite statement when defendant "should be able to determine from its own . . . records" the information defendant sought to have plaintiff include in an amended complaint) (emphasis added). If the Borough lacks information about the details of Plaintiff's suspension(s) and effective termination, it may in good faith state in a responsive pleading that it "lacks knowledge or information sufficient to form a belief about the truth of an allegation." Fed. R. Civ. P. 8(b)(5). It is therefore unnecessary for Plaintiff to supply that information at this stage.

The Court will therefore DENY Defendants' Motions for More Definite Statements.

## V. Conclusion

For the reasons set forth above, Defendants' Motions are GRANTED in part and DENIED in part. The Borough's Motion to Dismiss Plaintiff's prayer for punitive damages against the Borough is GRANTED with prejudice. Every other Motion by either Defendant is DENIED.

An appropriate Order follows.

O:\CIVIL 19\19-3295 Lee v Eddystone Fire & Ambulance\19cv3295 Memo re MTD.docx